**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 21, 2023

LETTER OPINION

      RE:    *Matthew C. v. Commissioner, Social Security Administration*
                Civil No. JMC-20-3240

Dear Counsel:

      Arjun K. Murahari, Esq. has filed a motion for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of Plaintiff before this Court. ECF 21. In response, the Commissioner asked this Court to consider whether Mr. Murahari's requested amount constitutes a reasonable fee. ECF 23. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Mr. Murahari's motion for attorney's fees is GRANTED IN PART.

      This Court has awarded Mr. Murahari a total of $2,415.94 for a total of 11.00 hours worked on Plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 20. Plaintiff subsequently received an Award Notice, in which he was awarded $95,684.00 in past due benefits. ECF 21-2. On December 14, 2022, Mr. Murahari filed a Motion in this Court, seeking $23,921.00 in attorney's fees (or, because the $6,000.00 in administrative fees already paid should be subtracted, $17,921.00). ECF 21. Mr. Murahari has agreed to reimburse Plaintiff in the amount of fees previously received. *Id.*; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

      The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989). Courts may

*Matthew C. v. Commissioner, Social Security Administration*
Civil No. JMC-20-03240
April 21, 2023
Page 2

require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

Here, Mr. Murahari and Plaintiff entered into a contingent fee agreement, by which Plaintiff agreed to pay Mr. Murahari twenty-five percent of all retroactive benefits to which he might become entitled. ECF 18-5. In his previous motion for attorney's fees pursuant to the EAJA, Mr. Murahari submitted itemized reports documenting 11.00 chargeable hours he expended before this Court in Plaintiff's case. *See* ECF 18-7. If Mr. Murahari receives the full amount of fees he requests, his fee for representation before this Court will effectively total $1,629.18 per hour. Mr. Murahari must therefore show that an effective rate of $1,629.18 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Notably, Mr. Murahari's typical hourly billing rate is $350, ECF 18-6 ¶ 6, which, coincidentally, is also the top hourly rate that is presumptively reasonable for attorneys of his experience level pursuant to the fee guidelines appended to the Local Rules of this Court.[1] Courts in the Fourth Circuit have approved contingency fee agreements that produce much higher hourly rates in successful Social Security appeals. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D. W. Va. 2003) (approving contingency fee agreement with hourly rate of $1,433.12); *Lehman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2160 (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with hourly rate of $1,028.14). This Court has routinely approved a higher hourly rate for Mr. Murahari. *See Arvie W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1148, 2019 WL 3975187 (D. Md. Aug. 22, 2019); *Barbara F. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-2090, 2019 WL 3340738 (D. Md. July 25, 2019); *Kimberly B v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-2519, 2019 WL 1559426 (D. Md. Apr. 10, 2019). However, the requested rate is nearly five times the top hourly rate in the fee guidelines for an attorney of Mr. Murahari's experience. Instead, this Court believes that an hourly rate of $1200.00, well over three times Mr. Murahari's typical hourly billing rate, is a reasonable rate in this case. A rate of $1200.00 for 11 hours of work would result in a fee (in addition to the $6,000.00 already paid) of $13,200.00, which is reasonable and should be approved.

For the reasons set forth herein, this Court GRANTS IN PART Mr. Murahari's Motion seeking attorney's fees, ECF 21. This Court will award Mr. Murahari attorney's fees totaling $13,200.00. Mr. Murahari is directed to reimburse to Plaintiff the fees he received pursuant to the EAJA.

---

[1] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App. B (D. Md. 2021). Currently, Mr. Murahari has almost twelve (12) years of experience, ECF 18-6, and the presumptively reasonable hourly rate for attorneys admitted to the bar for nine (9) to fourteen (14) years is between $225.00 and $350.00, Loc. R. App. B (D. Md. 2021).

*Matthew C. v. Commissioner, Social Security Administration*
Civil No. JMC-20-03240
April 21, 2023
Page 3

  Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

             Sincerely yours,

               /s/

             Stephanie A. Gallagher
             United States District Judge